JOHN LELLYETT, plaintiff in error, *vs.* WILLIAM MARK-
HAM, defendant in error.

The opinion of the presiding judge, expressed in his charge to the jury, that
an important witness of the plaintiff, on the material question at issue, was
"apparently interested," is error, and section 3248 of the Code expressly
requires this court to grant a new trial therefor.

New trial.    Charge of court.    Before Judge PEEPLES.
Fulton Superior Court.    April Term, 1876.

Reported in the opinion.

B. F. ABBOTT; JOHN T. GLENN, for plaintiff in error.

D. F. & W. R. HAMMOND; ARNOLD & ARNOLD, for de-
fendant.

JACKSON, Judge.

This was a suit brought by the plaintiff against the defend-
ant for the recovery of fees.    The main question was, wheth-
er plaintiff had been employed by defendant or whether he
merely represented other counsel, and was to look to them for
his fees.    On this issue the evidence was conflicting, plaintiff
swearing that he was employed by defendant, and defendant
swearing that he was not.    The counsel, Collyer, whom the
defendant swore that plaintiff represented and looked to for
fees, sustained the plaintiff fully on the point that he had
been employed.    The court charged the jury, among other
things, as follows: "You have heard the testimony of differ-
ent witnesses, Collyer and Lellyett, and all apparently interest-
ed, and are said to have been present at the conversation."
By section 3248 of the Code, the judge trying the case is
positively prohibited from expressing or intimating his opin-
ion on the facts, and if he does so this court is positively re-
quired to hold it error, to reverse the judgment and to grant
a new trial: Code, section 3248.

The court here told the jury that Collyer was apparently in-

terested; this was an expression of opinion on a fact in the case; certainly an intimation of an opinion, and we have no discretion but are required to grant a new trial by the plain words of the statute. The testimony of Collyer was on a vital point, on which plaintiff and defendant were at issue, and plaintiff was entitled to have the full benefit of his testimony unaffected by the judge's opinion of his interest in the case. It was for the jury to say whether he was or was not interested.

We incline to think that the weight of the evidence is against the verdict any way, as Markham, in one of his numerous letters to plaintiff, admitted that he employed plaintiff, and as such subsequent employment was in entire harmony with the fact that plaintiff first went into the case to represent Collyer. But we would not have interfered with the verdict and controlled the discretion of the presiding judge in refusing the new trial, on this ground alone. The other point, however, leaves us no alternative but to grant the new trial.

Judgment reversed.